## SAMUEL CABOT *vs.* CITY OF BOSTON.

C. owned a dwelling-house in Brookline, in Boston, and in Beverly. He usually resided in Brookline about seven months of each year, from sometime in April to November, (except a few weeks in midsummer, spent at his house in Beverly,) when he closed that house and removed to Boston until the following April. In April, 1850, the usual preparations were made to close the house in Boston and remove to Brookline, but from illness he was not able to go personally until some time in May. On the 28th of April, he informed the assessors of Brookline of the cause of his detention in Boston, and that he desired to continue a citizen of Brookline, and taxable there, where for many years he had been taxed, and had exercised all municipal rights and privileges. *Held,* that although actually in Boston on the 1st of May, 1850, he was not rightfully taxed there upon his poll and personal estate.

THIS was an action of assumpsit, to recover back the amount of a tax on personal property assessed on the plaintiff May 1, 1850, and paid under protest. It was agreed that the plaintiff for more than twenty years owned a house in the city of Boston, which he occupied with his family five or six months in every year. On the first day of May, 1850, he was remaining in the house, with his wife. For more than twenty years next preceding May 1, 1850, he had owned a house in Brookline. He had occupied this house during said period not less than six months, and generally about seven months every year, commencing his occupation in April and ending it in November. During the rest of the year it was closed. During said twenty years, the plaintiff had paid his yearly tax, and exercised all municipal privileges in Brookline. The five or six months in every year, not spent at his house at Brookline, were passed by the plaintiff in Boston, at the house before mentioned, owned and solely occupied by himself and family. This house was closed during his residence at Brookline, until within a few years last past, when a domestic was left in it for the purpose of protecting the property. Since the year 1846, about eight weeks in every year, in midsummer, have been passed by the plaintiff at a house on the sea-shore, at Beverly, owned and furnished by himself.

In April, 1850, the usual preparations were made by the plaintiff and his family to remove from Boston to Brookline.

Certain articles of furniture, which the plaintiff was in the habit of removing from one house to the other with his change of residence, were removed during the last week in April; the carpets in his house in Boston were taken up, and the other furniture was covered, and placed in its usual condition for the summer, and a domestic was living in the house, who was engaged to remain as aforesaid. The plaintiff, at and before that time, was suffering from severe illness, but had declared his intention of removing upon the 28th day of April. On that day, in the opinion of his physicians, a removal to Brookline would endanger his health and life, and he sent a letter to the assessors of Brookline, stating the circumstances by which he was detained in Boston, and his intention to continue a citizen of Brookline, taxable there. He remained in Boston, with his wife, with no other attendance than was requisite for his comfort, until after the first day of May. Sometime in May, and as soon as a removal was permitted by his medical attendants, he was removed to his house at Brookline.

It was agreed, that the court may draw such inferences from the above stated facts as might be drawn by a jury.

Upon the foregoing statement, *Hoar*, J., in the court of common pleas, rendered judgment for the plaintiff, and the defendants appealed.

*P. W. Chandler*, for the defendants.

*F. E. Parker*, for the plaintiff.

SHAW, C. J. This case depends upon the principles of law stated in the foregoing case of *Otis* v. *Boston;* and we have only to inquire, as before, into the facts which tend to determine whether Mr. Cabot was an inhabitant of Boston on the 1st May, 1850.

In looking at the evidence, it seems to us clear that, for more than twenty years prior to 1850, Mr. Cabot was an inhabitant of Brookline. All the *indicia* concur in this conclusion. He passed at least half of the year there; he claimed, and was allowed, political and municipal privileges there; it was manifestly his intent and purpose to fix his abode there and we think he was rightfully taxed in that town. Did he

5 *

change it in 1850 ? We have often had occasion to say indeed we said it in the preceding case, that bodily presence alone, on the 1st of May, though it is a circumstance, is not decisive.

Had the circumstances been reversed, — had Mr. Cabot been taxed in Brookline, and he had resisted the payment of the tax on the ground that he had changed his domicil from Brookline to Boston, and so was not taxable in Brookline, — it could not have been an available plea. The preceding case, we think, would be an authority to show that he had not. He manifested, by every act and declaration, his intent to continue his domicil in Brookline, and was only prevented from actually carrying it into effect by removal, by overpowering necessity. He had removed a portion of his furniture ; he had engaged a person to take charge of his house, during his absence in summer; he made a formal declaration in writing, by a letter to the assessors of Brookline, that he did not intend to change his domicil ; and he executed his purpose of removal as soon as the impediment was removed.

The court are therefore of opinion that he was not an inhabitant of Boston on the 1st May, 1850, within the meaning of the statute, and that he is entitled to recover back the tax then assessed on him, and paid under protest.

*Judgment for the plaintiff.*